Morrow & Harrison vs. Shepherd.

---

MORROW & HARRISON vs. SHEPHERD.

1. A party cannot be compelled to dismiss his suit for failing to give security for costs, until an order to that effect is made.

2. The security in a replevin bond, is not bound for the costs of the suit.

ERROR to Howard Circuit Court.

Todd & Hayden, for the Plaintiffs.

The plaintiff insists upon these points :

1. It was against law to enter a *non pros.*, or non-suit the plaintiffs without a rule absolute to give security for costs.

2. The bond given upon the replevin, was sufficient to secure all damages and costs.

3. The court should have set aside such *non pros.* on motion.

4. The court erred in amending the judgment at a subsequent term, against the security in the replevin bond.

5. There was nothing in the record to amend by.

6. Such judgment could not be made after the term when the original judgment was entered.

7. The party had no notice of the motion to amend.

LEONARD & CLARK, for Defendant.

The counsel for the defendant will rely, in support of the circuit court's judgment, upon the following

POINTS AND AUTHORITIES.

*First.* The security in the replevin bond is liable as well for the costs, as for a return of the property, and the payment of the damages. The costs are incident to the recovering of the property, and all who are liable to the recovery, are liable for the costs. Rev. Stat. of 1835, 528, title Replevin, sec. 8 & 9.

*Second.* The omission to enter up the judgment against the security in the replevin bond for the costs, as well as for the property and damages, was a mere clerical mistake, and was amendable at a term subsequent to that in which the final judgment was entered. See 1st Cow. 189, the People vs. McDonald & Dobbs; R. S. 1835, title Practice at law, article 6, sec. 7 & 8.

*Third.* There was no necessity for the security to be in court, to enable the court to make this amendment, and if there were any such necessity, he will have been considered to have been there, for the purpose of this amendment. 14 Peters' U. S. Rep. 155.

This suit was not dismissed for want of security for costs, nor was any application made by the plaintiff to set aside the non-suit, and the ground that the court had dismissed the suit for want of security for the costs.

TOMPKINS, J., delivered the opinion of the court.

Willis B. Morrow brought an action in the circuit court of Howard county, against James Shepherd, to recover two slaves claimed by Morrow. Benjamin Harrison was security for Morrow on the bond, which the statute required him to give before the execution of the writ

of replevin. The circuit court gave judgment in favor of Shepherd, to recover against Morrow, and Harrison his security in said bond, the said negroes, or their value, and double damages.

At a subsequent term, the defendant's counsel moved to amend the judgment for costs before entered up against Morrow, by entering up a judgment against Morrow, and Harrison his security in the replevin bond, for costs in this cause. The court permitted the judgment to be so amended.

The bill of exceptions shows that the defendant moved the court to dismiss the cause, because security for costs had not been given by the plaintiff, according to the order of the court. On the making of this motion, the plaintiff was called, and was non-suited, and he then moved the court to set aside the non-suit, because the rule on the plaintiff to give security for costs, was illegal, and the bond given on suing out the writ of replevin, secured the defendant in all the costs of this suit. This motion was overruled. The entries on which this motion of the defendant to dismiss the plaintiff's suit is grounded, are as follows, viz :

"Shepherd ads. Morrow, in the Howard circuit court, June term, 1841.

"The defendant moves the court for a rule upon the plaintiff to give security for costs in this cause, for the following reasons : The plaintiff is unable to pay the costs of the suit.

"At the succeeding term of October the defendant by his attorney, moved the court to dismiss the suit, no security for costs being given by the plaintiff in accordance with a rule entered herein at the last term of this court. Whereupon the said Morrow being called, comes not, nor doth he prosecute further his said action against said Shepherd. It is therefore considered," &c.

No rule or order of the court appears on the record, requiring Morrow to give security for costs. The defendant's motion for such rule appears on record, but no rule or order to that purpose was entered up. Therefore, for the present purpose, it is quite immaterial whether or not, it be illegal to make such an order.

The 5th section of the act regulating the action of replevin, requires that no writ of replevin be executed, until the plaintiff enters into a bond to the officer to whom the writ is directed, with sufficient security, in double the value of the property, to be ascertained by the officer, conditioned that he will prosecute the suit with effect, &c., make return of the property, if return thereof be adjudged, and keep harmless the officer touching the replevying the property. Sec. 5th

The 8th section provides, that if the plaintiff in replevin fails to prosecute his suit with effect, and without delay, the court, or jury, shall

assess the value of the property taken, and the damages for the use of the same, from the time of suing for the same until the return thereof shall be made as in other like cases.

The 9th section directs that in such case, the judgment shall be against the plaintiff and his securities, that he return the property, or pay the value so assessed, and also pay the double damages assessed for the detention of the property. See pages 526–7, of the Digest of 1835.

It is by the 9th section that the court is authorized to give judgment against the plaintiff and his sureties. But for the provisions of that section, the defendant would be compelled to sue on the bond, to recover the value of the property taken, and the damages for the use of the same, &c., against the security in the bond.

This ninth section directs that judgment shall be given for the value of the property, and the double damages assessed. So far, the law directs that the judgment shall go, but the defendant asks judgment for costs, too. For costs, the statute does not direct that a judgment shall be given against the security. Without the authority of the statute, no judgment could be rendered in this action against the security in the replevin bond; the court, then, cannot be required to transcend the power granted by the law, and make the security in this bond liable in this action for the costs of the suit. The 5th and 6th sections of the act concerning costs, gives costs to the successful parties in the record. Digest of 1835. Harrison was surety in the replevin bond, and no party to this record.

The circuit court then committed error: 1st, In compelling the plaintiff, Morrow, to suffer a non-suit for failing to give security for costs, when no order to that effect had been made; and 2d, in rendering judgment for costs againt the security in the replevin bond.

Judgment reversed and cause remanded.